McMILLIN, C.J., for the Court.
¶ 1. Narkia Vashon Lee has appealed his conviction for burglary of a commercial building claiming that the State failed, as a matter of law, to provide credible evidence of each of the essential elements of the crime or, in the alternative, that the verdict was so against the weight of the evidence that he should be granted a new trial. Finding Lee’s contentions to be without merit, we affirm the conviction and resulting judgment of sentence.
*1064 I.
Facts
¶ 2. Police officers, responding to an early morning security alarm call from a convenience store in Greenville, discovered that a window in the store had been broken out. They later determined that an ATM machine located within the store was missing. In the course of their investigation, officers discovered quantities of blood, indicating that the perpetrator may have been injured on the glass from the broken window. The ATM machine was later found and recovered. It had evidence of spattered blood on it. Officers also secured a video camera that had recorded the break-in.
¶ 3. Based on the quantity of blood discovered at the store, officers suspected that the perpetrator might need to obtain medical assistance, and they alerted the local hospital. The hospital informed police officers that a person had presented himself for treatment of multiple lacerations, claiming that the injuries had been incurred when he was assaulted by a gang of five individuals. Hospital officials identified Lee as the individual they had treated and provided police officers with a home address. Officers went to the home. Lee was not present, but the officers were permitted to conduct a search by Lee’s mother. They discovered drops of blood on the porch as well as bloody clothing and a bloody towel inside the house.
¶ 4. Samples of blood from the store and from the ATM machine were obtained and subjected to DNA analysis along with a known sample obtained from Lee. The State offered expert testimony that the blood from all three tested samples appeared to have come from the same individual and that the likelihood that another individual other than Lee would have the same DNA characteristics was less than one in ten billion.
¶ 5. Lee testified in his defense and reported again that he had received his injuries when he was assaulted by a gang of individuals. When confronted with the fact that shards of glass had been found imbedded in some of his wounds, Lee testified that he had been assaulted with a broken bottle. He claimed that he had summoned his sister by telephone to come and take him directly to the hospital. When asked how he could explain the presence of blood droplets on his front porch, were that the case, he said that his sister had temporarily wrapped his wounds in a towel while she transported him to the hospital, that she had subsequently gone to the home in search of an insurance card, and that she had taken the towel with her from the hospital. He offered the opinion that the droplets of blood came from the bloody towel rather than directly from his person.
¶ 6. The jury returned a verdict of guilty, and this appeal ensued.
II.
Discussion
¶ 7. Lee attacks the State’s proof primarily on the basis that the police did not investigate his reported assault and that he denied having a pair of pants like those shown to be worn by the perpetrator in the video recording of the break-in. However, he could offer no explanation for how blood was found at the scene of the crime, that, based on scientific testing, had a strong likelihood of being his. Also, as we have already discussed, Lee offered what must be objectively viewed as a rather suspect explanation for how droplets of his blood came to be found on the front porch of his home when he contended that he had never been there after he was injured.
*1065 ¶ 8. In reviewing a challenge to the sufficiency of the evidence, this Court is constrained to view the evidence in the light most favorable to upholding the jury’s verdict. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). We must assume that jurors drew all inferences from the evidence that could reasonably be drawn in a manner that was consistent with guilt. Id. Only if we are satisfied that, as to one or more of the essential elements of the crime, the State’s evidence was so lacking that a reasonable juror fairly evaluating the evidence could only return a verdict of not guilty ought we to interfere. Id.
¶ 9. In this case, the State presented very compelling evidence that would appear to almost conclusively link Lee with the break-in at the convenience store. All of the elements of a burglary, including the breaking and entering and evidence from which the jury could find the necessary intent to commit a crime once inside the business, were shown by credible evidence to have occurred. Lee’s contention that the State’s case failed as a matter of law is, beyond question, without merit.
¶ 10. As to Lee’s alternative contention that the verdict was against the weight of the evidence, we note that the jury sits as finders of fact and their conclusions are entitled to substantial deference on appeal. Parker v. Thornton, 596 So.2d 854, 858 (Miss.1992). Charged with resolving disputed issues of fact concerning whether Lee was injured in the break-in or in an assault by individuals wielding broken bottles that only coincidentally occurred at about the same time, the jury appears to have placed reliance in the scientific evidence strongly linking Lee to the scene of the break-in. The only evidence weighing against this persuasive proof was Lee’s own self-serving version of events that was not corroborated by any unbiased witness or objective demonstrative evidence. We find no merit in Lee’s assertion that it would constitute a miscarriage of justice to permit this verdict to stand.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF BURGLARY OF A COMMERCIAL BUILDING AND SENTENCE OF SEVEN YEARS WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.